PER CURIAM.
The appellee is the former wife of the appellant, the parties having been divorced in 1967. Seven children were born during their marriage. Prior to the entry of the final judgment of divorce, the parties entered into a Property Settlement Agreement on April 22, 1967, which was made part of the final judgment of divorce entered by the court on April 27, 1967. This original Property Settlement Agreement provided that the appellant was to pay to the appellee for alimony and child support, the amount of $2,000 per month. There were certain other benefits provided in that Agreement.
On June 21, 1968, certain proceedings were had before the Juvenile Court of Dade *541 County, and at the conclusion of those proceedings, the parties entered into an Addendum to the original Property Settlement Agreement, supra, which provided for an increase in child support and alimony payments, such increase to be effective after January 1, 1969. Neither of the above agreements contain any provision in regard to an anticipated change in custody of the seven minor children of the parties.
However, a change in custody did occur during 1968, whereby the three oldest children left the mother’s house and went to permanently reside with their father, the appellant. This change in child custody caused the institution of subsequent hearings and conferences, such being within the jurisdiction of the Juvenile Court as provided by order of the circuit court. The appellant, apparently relying upon the changed custody of the children, refused to tender the full amount of child support and alimony payments in compliance with the original Property Settlement Agreement and Addendum thereto. The appellant also failed to act in compliance with other property provisions contained in those agreements.
Thereupon, in response to the appellant’s failure to act in accordance with the property settlement provisions, the appellee filed her Petition to Enforce Stipulation and Original Property Settlement Agreement, and in addition, a petition for rule to show cause, all directed toward the appellant and his refusal to act in compliance with the settlement agreements. On December 8, 1969, the trial court entered its Order Enforcing Stipulation and Original Property Settlement Agreement, and in addition, entered a rule absolute. The court also entered an order awarding the appellee attorney’s fees and costs. This interlocutory appeal has been taken by the appellant to review the correctness of the above orders.
It is the appellant’s contention that the court erred in failing to apply the proper principles of contract law to the Property Settlement Agreement and its Addendum, both of which were incorporated into the final decree of divorce. He argues that, by reason of the transference of the custody of the children, he was denied procedural due process when no allowance was made for that change. Moreover, the appellant also contends that the court erroneously refused to receive evidence of the appellee’s present needs and his own obligations and liabilities, which factors are needed to ascertain his ability to pay. Lastly, the appellant contends that the award of attorney fees was error. We have carefully considered all points on appeal in light of the record showing that the proceedings before the trial court were limited to the appellee’s Petition to Enforce Stipulation and Property Settlement Agreement, plus her rule to show cause, and must affirm. The question of the wife’s present needs and the husband’s present obligations and liabilities, and the question of any change in circumstances of the parties by reason of transfer of custody of the children, are indeed proper questions to consider in a petition for modification; however, it was not error for the trial judge to reject evidence as to those matters in view of the limited issues before him, such issues having been framed by the wife’s Petition to Enforce the Property Settlement Agreement and the Addendum. We also do not feel that the award of attorney fees was erroneous in any respect.
Therefore, we are compelled to affirm the orders being appealed, but do so with the understanding that the decision herein does not limit or preclude, by way of res judicata or otherwise, any other avenue of relief the appellant may later pursue in order to ascertain his obligation as to child support in view of the changed custodial circumstances.
Affirmed.